United States District Court
Southern District of Texas
**ENTERED**
July 20, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| VINTON PUBLIC POWER AUTHORITY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-3609 |
| | § | |
| SAM RAYBURN MUNICIPAL POWER | § | |
| AGENCY, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss (ECF 6) and Plaintiff's Motion for Summary Judgment (ECF 15).[1]  The Court recommends the Motion to Dismiss be granted in part and denied in part and the Motion for Summary Judgment be denied without prejudice.

## I.  Background

This case involves a dispute over Sam Rayburn Municipal Power Agency's (SRMPA)[2] and Vinton Public Power Authority's (VPPA) rights to receive funds held by the Jasper/VPPA Settlement Trust, Kim Despeaux Trustee.  The funds held by the Settlement Trust are the subject of an October 17, 2011 "Settlement Agent Contract" related to a complex electric power arrangement known as the "Cambridge Project."  The Trust and Trustee (Trust/Trustee) previously filed a lawsuit in this Court asserting that a

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 19.

[2] SRMPA was formed by the cities of Jasper, Livingston, and Liberty, Texas, pursuant to the Texas Utility Code.

dispute had arisen between SRMPA and VPPA regarding distribution of what the parties refer to as "remaining funds" held in Trust and (1) seeking a judgment declaring how the Trustee should split the remaining funds between VPPA and SRMPA; or alternatively, (2) seeking an order authorizing the Trustee to interplead the remaining funds into the registry of the court and discharging the Trust/Trustee from further liability.  *Jasper/VPPA Settlement Trust v. Sam Rayburn Municipal Power Agency et al.*, Civil Action No. 20-cv-0255, at ECF 1 (Complaint) (S.D. Tex. Jan. 22, 2020).  In the prior case, the Court granted the parties' Agreed Motion for Judgment of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).  *Id.*, ECF 13.   On May 6, 2020, the Court issued its Agreed Order Dismissing Case in its Entirety, which ordered the Trustee to "continue to pay the 'remaining funds' under the Cambridge Project in the percentages of 90.61% to Sam Rayburn Municipal Power Agency and 9.39% to Vinton Public Power Authority."  *Id.*, ECF 14 (Agreed Dismissal Order).

Approximately seventeen months after entry of the Agreed Order dismissing the case against the Trust/Trustee and ordering the Trustee to continue paying the same percentages of the remaining funds, VPPA filed this suit against SRMPA, its President Carl Pickett, and its Executive Director E. Bruce Mintz.  ECF 1.  The Complaint alleges SRMPA is not entitled to receive any of the "remaining funds" from the Trust/Trustee.   The Complaint also asserts claims against Defendants for: breach of the Settlement Agent Contract; "money had and received" under the Settlement Agent Contract; and declaratory judgment that "because SRMPA was created pursuant to § 163.101, TEXAS UTILITY CODE, it is not authorized 'to engage in the distribution and retail sale of electric power and

2

energy' or to profit from same." *Id.*, ¶ 30.  At least some of the claims asserted in this suit involve the same dispute between VPPA and SRMPA regarding the split of the remaining funds referenced by the Trust/Trustee when it filed the prior litigation.

Defendants responded to the Complaint in this case with a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7) and 12(b)(6).  ECF 6.  Defendants argue that (1) Plaintiff has failed to join necessary parties, i.e., the Trust/Trustee and the cities of Jasper, Liberty, and Livingston; (2) Plaintiff's Complaint does not state a claim for relief against Pickett and Mintz or SRMPA; (3) Plaintiff's claims are barred by res judicata; and (4) Plaintiff's claims are barred by accord and satisfaction.  *See id.*  Plaintiff filed an early Motion for Summary Judgment, arguing that, as a matter of law based on the plain language of the Texas statute creating SRMPA,[3] SRMPA's receipt of a share of the remaining funds violates Texas law and therefore the Settlement Agent Contract is void or unenforceable.  *See* ECF 15.

## II.    Defendants' Motion to Dismiss under Rule 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) permits a defendant to challenge a plaintiff's failure to join a party as required by Rule 19.  Rule 19(a) requires joinder of a party if, "in the person's absence, the court cannot accord complete relief among the existing parties," or if the absent person "claims an interest relating to the subject of the action" and a ruling in the person's absence would  "impair or impede the person's ability to protect that interest" or would "leave an existing party subject to a substantial risk" of

---

[3] An agency created under Chapter 163 of the Texas Utility Code is not authorized "to engage in the distribution and retail sale of electric power and energy."  TEX. UTIL. CODE § 163.102(b).

multiple or inconsistent obligations.   When considering a motion under Rule 12(b)(7):

> The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation.

*HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003) (citations omitted).  Dismissal of a case for failure to join an indispensable party is appropriate *only* where the Court's subject matter jurisdiction would be destroyed by the addition of the necessary party. *August v. Boyd Gaming Corp.*, 135 F. App'x 731, 732 (5th Cir. 2005).  Here, the parties agree that joinder of the Trust/Trustee and the Texas cities would not destroy the Court's diversity jurisdiction.  *See* ECF 10 at 1-2; ECF 11 at 1-2.  Therefore, the only issue the Court must determine is whether the Trust/Trustee and Texas cities are parties required to be joined under Rule 19(a)(1)(A) or (B).

The Trust/Trustee does not possess an ownership interest in the remaining funds at issue in this suit.  *See* Civil Action No. 20-0255, ECF 1, ¶ 16 (Neither "[t]he J/V Trust nor Despeaux have any interest in these 'remaining funds'").  However, the Trust/Trustee maintains possession and control of the remaining funds and is responsible for their distribution.  *Id.* ("all funds flow through the J/V Trust . . .." (emphasis in the original)). Importantly, the Agreed Dismissal Order entered by this Court on May 6, 2020 requires the Trustee to continue to pay 90.61% of the remaining funds to SRMPA and 9.39% to VPPA.  The injunctive relief Plaintiff seeks would require the Trustee to stop distributing funds to SRMPA, contrary to the Agreed Dismissal Order and the terms of the Settlement Agent Contract.  Because the relief sought by VPPA in this case would subject the

4

Trust/Trustee to an obligation to pay the remaining funds in a manner inconsistent with the Court's Dismissal Order in the prior case, the Court finds it cannot accord complete relief among VPPA and SRMPA absent the Trust/Trustee being joined as a party in this action and subject to any final judgment in this action. FED. R. CIV. PROC. 19(a)(1)(A).

Additionally, SRMPA contends the cities of Jasper, Livingston, and Liberty are "beneficiaries" of the remaining funds whose interests will be injured by the relief VPPA seeks in this suit, and therefore must be added as indispensable parties. ECF 6 at 3. VPPA contends that none of the cities have a "direct legal claim" to the remaining funds. ECF 10 at 3. The Court assumes, based on VPPA's own pleading, that the cities of Jasper, Livingston, and Liberty, as the founding members of SRMPA, have an interest in 90.61% of the "remaining funds" currently being distributed to SRMPA. *See* ECF 1, ¶ 21 ("SRMPA has disbursed approximately half of its excess proceeds to the three Texas cities for whose benefit it was initially formed, but presently has more than $20 million of these excess retail revenues on hand."). VPPA argues that the interests of the cities are ably represented here by counsel for SRMPA. ECF 10 at 3. That may be the case. However, the cities should make that decision for themselves and therefore should be given notice and an opportunity to intervene as defendants. If the cities decline to intervene, however, Plaintiff's failure to join the cities as defendants does not require dismissal of this case against SRMPA. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. CIV.A. 03-5808, 2008 WL 744823, at *8 (S.D. Tex. Mar. 19, 2008) ("The Fifth Circuit, among other courts, has considered, as an equitable factor mitigating against the necessity of

joining a party, the refusal or failure of the absent party to intervene after receiving notice of the litigation.").

Therefore, the Court recommends that Defendants' Motion to Dismiss pursuant to Rule 12(b)(7) be denied, but the Plaintiff be ordered to file and serve an amended complaint naming the Trust/Trustee as defendants in this case for purposes of effecting injunctive relief and preventing the Trust/Trustee from being subjected to conflicting obligations pursuant to May 6, 2020 Agreed Dismissal Order and any potential judgment in this case. The Court also recommends that Plaintiff be ordered to serve on the three Texas cities a copy of this Memorandum and Recommendation and any Order of Adoption, which will provide them with notice of their right to file a motion to intervene pursuant to Federal Rule of Civil Procedure 24 if they deem intervention necessary to protect their interests in the remaining funds.

### III.    Defendants' Motion to Dismiss under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369

F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### A.    Motion to Dismiss Based on Sufficiency of Factual Allegations

Plaintiff named Pickett and Mintz as Defendants "solely in their official capacities for the purpose of effectuating injunctive and other appropriate equitable relief."  ECF 1, ¶ 6.  Defendants argue for dismissal of Pickett and Mintz in their official capacities because it is unnecessary to name them in order to effectuate injunctive relief against SRMPA.  ECF 6 at 4 (citing *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 13-14 (1945) (holding that an injunction binds the defendant as well as all "those in 'privity' with them, represented by them, or subject to their control.")).  Plaintiff argues that Pickett and Mintz are necessary parties *if* SRMPA contends it is entitled to governmental immunity.  ECF 10 at 4-5 (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 377 (Tex. 2009) (prospective injunctive relief against an immune governmental entity for an ultra vires contract is available "only against the appropriate officials in their official capacity.")).

SRMPA did not assert governmental immunity in its Answer and did not address the argument in its Reply.  *See* ECF 11.  As Plaintiff concedes, SRMPA's failure to assert governmental immunity nullifies the need for Pickett and Mintz to remain as named Defendants in this case.  ECF 10 at 4 ("Plaintiff does acknowledge that Defendants' Answer seems to have rendered this concern moot.").  Plaintiff has agreed to dismissal of of Pickett and Mintz as named parties "if Defendants stipulate that there is no issue of governmental immunity; the subject matter of this case involves solely a proprietary function; and that any remedies that the Court awards are fully enforceable against SRMPA

7

without having Pickett and Mintz as named parties[.]" *Id.* at 5.  The Court construes Defendants' reliance on *Regal Knitwear* and their failure to address governmental immunity in their Reply as effectively constituting such a stipulation.  Unless SRMPA expressly objects to the presumed stipulation within 14 days of entry of this Memorandum and Recommendation, the Court will deem SRMPA to have so stipulated.  On this condition, and in the event Defendants do not object to the stipulation, the Court recommends that Defendants' motion to dismiss Pickett and Mintz in their official capacities be granted.[4]

Defendants also argue VPPA's allegations against SRMPA are "utterly implausible" because VPPA's statutory and contract interpretations are wrong.  *See* ECF 11 at 4.  A ruling on the merits of Plaintiff's claims based on statutory and contract interpretation at the motion to dismiss stage is premature. The parties will have an opportunity to seek summary judgment after Plaintiff's amended pleading has been filed and all interested parties are before the Court.  Therefore, the Court recommends that Defendants' motion to dismiss SRMPA based on insufficiency of the allegations in the Complaint be denied.

---

[4] In addition, any injunctive relief regarding the reduction or cessation of the distribution of funds from the Trust to SRMPA will be effectuated by the Trustee, whom the Court has ruled is a necessary party for this reason.

**B.     Motion to Dismiss Based on Res Judicata**

As another basis for dismissal of the Complaint, Defendants argue the May 6, 2020 Agreed Dismissal Order in Civil Action No. 20-0255 bars this action under the doctrines of res judicata and accord and satisfaction.  The Court disagrees.

The doctrine of res judicata bars the litigation of claims that have been litigated or should have been raised in an earlier suit. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  When the elements of res judicata are apparent on the face of the pleadings, res judicata is an affirmative defense properly raised in a Rule 12(b)(6) motion to dismiss.  *Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 335–36 (5th Cir. 2014). Res judicata applies to bar an action if: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment *on the merits*; and (4) the same claim or cause of action was involved in both actions.  *Test Masters*, 428 F.3d at 571 (emphasis added).

Plaintiff's Complaint acknowledges the Trust/Trustee filed Civil Action No. 20-0255, "seeking declaratory and/or interpleader relief,"  but alleges the prior case "did not resolve the fundamental legal dispute between SRMPA and VPPA regarding the proper ultimate division between them of such 'remaining funds.'"  ECF 1, ¶ 2.  The Court issued the May 6, 2020 Agreed Dismissal Order pursuant to Federal Rule of Civil Procedure 41(a)(2).  *See* Civil Action No. 20-cv-0255, ECF 13.  Rule 41(a)(2) provides that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  The Agreed Dismissal Order does not dismiss the case with prejudice.  *Id.* at ECF 14.  Thus, the Agreed Dismissal Order effected a dismissal *without prejudice* and does not constitute

a decision on the merits.  *See Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 197 (5th Cir. 2011) ("an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice.'"). Therefore, the Court recommends that Defendants' motion to dismiss VPPA's Complaint on res judicata grounds be denied.

### C.    Motion to Dismiss Based on Accord and Satisfaction

The Agreed Dismissal Order also does not constitute an accord and satisfaction of VPPA's claims against SRMPA.  Under Texas law:

> Accord and satisfaction exists when the parties agree to discharge 'an existing obligation in a manner other than in accordance with the terms of their original contract.' The defense involves a new contract, either express or implied, in which the existing obligation is released by agreement of the parties through 'means of [a] lesser payment tendered and accepted. Evidence offered in support of the defense must demonstrate 'both parties agreed the amount paid by the debtor to the creditor fully satisfied the entire claim.' Because a valid accord and satisfaction depends upon an agreement, it only occurs when the parties 'mutually assent to it,' and the parties' intention is a controlling element.

*Collins v. Moroch*, 339 S.W.3d 159, 164 (Tex. App.—Dallas 2011, pet. denied) (internal citations omitted).  The May 6, 2020 Agreed Dismissal Order in Civil Action No. 20-cv-0255 merely preserved the status quo under the existing Settlement Agent Contract between the parties.  The Agreed Dismissal Order did not change the terms of that contract nor did it resolve the dispute between the parties by creating a new contract.   The Agreed Dismissal Order does not represent VPPA's agreement to accept less than it believes it is entitled to recover in order to settle its entire claim.   Thus, the Court recommends that Defendants' motion to dismiss the Complaint on the basis of accord and satisfaction should be denied.

## IV.     Plaintiff's Motion for Summary Judgment

Plaintiff argues it is entitled to summary judgment on its claims because allowing SRMPA to continue to receive a portion of the "remaining funds" violates Texas law. Plaintiff's Motion for Summary Judgment also seeks declaratory and injunctive relief awarding VPPA the right to receive 100% of the "remaining funds."  As discussed above, the Trust/Trustee holds the remaining funds and is subject to this Court's May 6, 2020 Order to continue disbursing 90.61% of those funds to SRMPA and 9.39% of those funds to VPPA.  The Court finds the Trust/Trustee is therefore a necessary party to this case and that the cities of Jasper, Livingston, and Liberty, Texas, potential beneficiaries of the remaining funds, are entitled to notice and an opportunity to intervene.  Because these additional parties are not currently before the Court, Plaintiff's Motion for Summary Judgment is premature.  Therefore, the Court recommends Plaintiff's Motion for Summary Judgment be denied without prejudice to refiling after Plaintiff files an Amended Complaint adding the Trust/Trustee as a defendant and provides notice and an opportunity to intervene to the three Texas cities.

## V.     Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF 6) be GRANTED IN PART AND DENIED IN PART as follows: Plaintiff's claims against Defendants Pickett and Mintz in their official capacities be dismissed with prejudice unless Defendants file a timely objection as discussed above.

The Court further RECOMMENDS that Plaintiff be ordered to file within 14 days of any Order of Adoption an Amended Complaint adding the Trust/Trustee as Defendants,

and further be ordered to serve within 14 days of any Order of Adoption a copy of this Memorandum and Recommendation and the Order of Adoption on the cities of Jasper, Livingston, and Liberty, Texas, in order to notify them of their right to file a motion to intervene as Defendants in this action within 30 days of receiving notice.

The Court further RECOMMENDS that Plaintiff's Motion for Summary Judgment (ECF 15) be DENIED WITHOUT PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

 Signed on July 20, 2021, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

12