United States District Court
Southern District of Texas
**ENTERED**
December 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VINTON PUBLIC POWER AUTHORITY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-3609 |
| | § | |
| SAM RAYBURN MUNICIPAL POWER AGENCY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This recently transferred case presents a number of motions, most repeatedly raising relatively few and discrete questions. This order attempts to resolve some of the less complicated motions so that the parties and court can concentrate on those important questions.

The plaintiff, VPPA, moved to compel a "responsive" answer to paragraph 33 of the amended complaint. (Docket Entry No. 59). Responses and replies followed. (Docket Entries No. 63, 64, 66). The court has reviewed the amended complaint and the answer to that complaint. Paragraph 33 asks for specific details as to the aggregate dollar amount of "remaining funds" that SRMPA had at the end of fiscal year 2018 and when the lawsuit was filed. The paragraph in the amended answer responding to paragraph 33 of the first amended complaint states, in relevant part, as follows:

> Defendants admit that the Management's Discussion of "Cambridge" that appears at page 6 of SRMPA's 2018 audit report indicates that Management reported that the "Net Position" of "Assets" that were "Unrestricted" attributable to "Cambridge" was carried at a value of $25,644,274 at the end of fiscal year 2018, but otherwise deny the allegations of the third sentence . . . and specifically deny that that value refers to cash, much less case that SRMPA received specifically from distributions of "remaining

> funds" from the Cambridge Project, much less cash that SRMPA received specifically from distributions of "remaining funds" from the Cambridge Project, much less cash that SRMPA received from such remaining funds after October 21, 2020 (it appearing that Plaintiff is making no claim to "remaining funds" that SRMPA received from the Cambridge Project prior to that date).

(Docket Entry No. 62).

The amended answer to Paragraph 33 meets the requirements of Rule 8(b) of the Federal Rules. When, as here, the answering party "does not intend to deny all the allegations," that party "must either specifically deny designated allegations or generally deny all except those specifically admitted." Rule 8(b) also permits partial denials, as well as constructive denials based on insufficient information. Fed. R. Civ. P. 8(b)(4), (5). The amended answer SRMPA filed to paragraph 33 is sufficient. The added detail VPPA seeks to compel at this stage is better addressed in discovery, not in pleadings. VPPA's Motion to Compel, (Docket Entry No. 59), and its Request for Judicial Notice, (Docket Entry No. 64), are denied.

VPPA also moves to strike or, alternatively, dismiss, paragraphs 2-3 of SRMPA's answer and counterclaim, (Docket Entry No. 47), as an unauthorized pleading amendment. (Docket Entry No. 72). VPPA acknowledges that it filed an amended complaint, to which VPPA filed the amended answer and counterclaim. Because Rule 15(a)(3) required SRMPA to respond to VPPA's amended complaint, SRMPA needed neither VPPA's consent nor the court's leave to timely file its amended answer and counterclaims. Fed. R. Civ. P. 15(a)(3). Contrary to VPPA's argument, the court does not find that the amended counterclaims impermissibly expand the scope of the litigation. VPPA may, if it believes it must, amend its answer to the counterclaim to include affirmative defenses that are not sufficiently pleaded in other filings. VPPA's motion to strike or dismiss paragraphs 2-3 of the amended counterclaims is denied.

The more substantive motions are VPPA's motion for summary judgment against the SRMPA defendants, (Docket Entry No. 44); the SRMPA defendants' motion to dismiss VPPA's first amended complaint (Docket Entry No. 45); the SRMPA defendants' motion for partial summary judgment against VPPA (Docket Entry No. 49); VPPA's motion to strike certain defenses of the intervenor defendants (Docket Entry No. 56); and VPPA's motion for summary judgment against the intervenor defendants (Docket Entry No. 58).

To streamline the issues, and based on the prior rulings, the court denies the SRMPA defendants' motion to dismiss and denies the motion to strike certain defenses of the intervenors. (Docket Entry No. 45, 56). The motions are denied without prejudice to the court's evaluation of the arguments in the summary judgment motions raising the same issues. Those issues are better presented on the motions for summary judgment, which the parties have amply briefed.

The remaining motions are filed at Docket Entries Nos. 44, 49, 57, and 58. The parties should be prepared to argue them at the hearing set for January 11, 2022.

Counsel for the plaintiff and defendants are also asked to refrain from the ad hominem and hostile written comments at and about each other. These seem to have occurred with increasing frequency as the number of motions increased. The court will decide the motions on the merits of the arguments in the briefs, not their vehemence. The comments do not help any party or the court.

SIGNED on December 28, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge